1
2
3
4
5
6
7

8   UNITED STATES DISTRICT COURT
    WESTERN DISTRICT OF WASHINGTON
9                AT SEATTLE

10  CHARLES V. MCCLAIN III, et ux, Pro se,

    Plaintiffs,

    v.

    THE BOEING COMPANY, et al.,

    Defendants.

    CASE NO. C12-1620 RSM

    ORDER DENYING PLAINTIFF"S MOTION FOR REMAND, STRIKING DEFENDANTS' MOTION TO DISMISS AS MOOT, AND DENYING DEFENDANTS' MOTION FOR ENTRY OF A PRE-FILING ORDER

## I. INTRODUCTION

This matter comes before the Court on Plaintiff's Motion for Remand to State Court (Dkt. # 10), Defendants' Motion to Dismiss for Failure to State a Claim (Dkt. # 12), and Defendants' Motion for Entry of Pre-filing Order (Dkt. # 18). For the reasons that follow, the Court shall DENY Plaintiff's motion for remand, DENY Defendants' motion requesting entry of a pre-filing order, and STRIKE as MOOT Defendants' motion to dismiss.

## II. BACKGROUND

Plaintiff Charles McClain III, proceeding *pro se*, is a former employee of Defendant the Boeing Company ("Boeing"). Mr. McClain was a member of the International Association of Machinists and Aerospace Workers, AFL-CIO (the Defendant "Union") until his employment with Boeing was terminated on October 18, 2006. Mr. McClain filed the present suit in Snohomish County Superior Court on August 30, 2012, alleging a number of claims arising from his termination from Boeing and subsequent actions related to the negotiation of a Settlement and Release Agreement. Dkt. # 2.  Plaintiff asserts claims against Boeing, its law firm Perkins Coie LLP, the Union, its law firm Robblee Detwiler & Black PLLP, and individual attorney Kristina Detwiler. Dkt. # 29.

Defendants timely removed the action to this Court on September 19, 2012 pursuant to 28 U.S.C. § 1331 on the basis that Plaintiff's Amended State Court Complaint raised federal claims. Dkt. # 1, p. 2. Plaintiff filed the instant Motion to Remand to State Court pursuant to 28 U.S.C. §§ 1446 and 1447.

Defendants moved to dismiss the action for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Dkt. # 12. However, before transferring the case to the undersigned, the Honorable Thomas S. Zilly granted Plaintiff's motion to amend his First Amended Complaint. Dkt. # 27. Plaintiff then filed his Second Amended Complaint (Dkt. # 29) after Defendants filed their motion to dismiss, which rendered that motion moot. The Court therefore strikes Defendants' Motion to Dismiss as MOOT and invites Defendants to file a renewed motion in regard to the Second Amended Complaint.

Defendants also move for entry of a pre-filing order against Mr. McClain. Dkt. # 18. They ask the Court to enter a pre-filing order that would require Mr. McClain to obtain court

permission before filing cases against the Defendants. Mr. McClain has previously filed two related cases in this Court, both of which are now pending before the Ninth Circuit Court of Appeals. *See* C07-00567-RSM ("McClain 1") and C08-00613-RSM ("McClain 2"). The Court turns first to Plaintiff's motion for remand and then to Defendants' motion for entry of a pre-filing order.

### III. DISCUSSION

**A. Motion for Remand**

Federal question jurisdiction is based on "a claim or right arising under the Constitution, treaties, or laws of the United States." 28 U.S.C. § 1441(b). Under the well-pleaded complaint rule, federal jurisdiction exists only "when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *California v. United States*, 215 F.3d 1005, 1014 (9th Cir. 2000). Further, where plaintiffs have not pleaded a federal cause of action on the face of the complaint, the court must evaluate whether they have artfully pleaded a state law cause of action which necessarily arises under federal law. *Lippitt v. Raymond James Financial Services, Inc.*, 340 F.3d 1033, 1041 (9th Cir. 2003).

While Plaintiff argues that there were no "federal laws within the jurisdiction bill of declaration of his First Amended Complaint" (Dkt. # 10, p. 6), he asserted, *inter alia*, a duty of fair representation ("DFR") claim. Dkt. # 2, p. 16 (Count VI). The duty of fair representation is a judicially created obligation that is implied under the National Labor Relations Act ("NLRA"). 29 U.S.C. § 159(a); *Peterson v. Kennedy*, 771 F.2d 1244, 1253 (9th Cir. 1985) ("The duty of fair representation is a judicially established rule imposed on labor organizations because of their status as the exclusive bargaining representative for all of the employees in a given bargaining unit."). A DFR claim arises under federal law and preempts state law claims that fall within its scope. *Adkins v. Mireles*, 526 F.3d 531, 539 (9th Cir. 2008) ("The federal statutory duty which

1  unions owe their members to represent them also displaces state law that would impose duties
2  upon unions by virtue of their status as the workers' exclusive collective bargaining
3  representative."); *Beriault v. ILWA Local 40*, 501 F.2d 258, 263 (9th Cir. 1974). Therefore,
4  because the DFR claim is implied under the NLRA and displaces any duty alleged under state
5  law, this Court has original jurisdiction over that claim. *See BIW Deceived v. Local S6*, 132 F.3d
6  824, 831-32 (1st Cir. 1997).

7  Importantly, in an action removed from state court, "jurisdiction must be analyzed on the
8  basis of the pleadings filed at the time of removal without reference to subsequent amendments."
9  *Sparta Surgical Corp. v. National Ass'n of Securities Dealers, Inc.*, 159 F.3d 1209, 1213 (9th
10 Cir. 1998). Because the First Amended Complaint asserted a DFR claim that is cognizable under
11 federal law, jurisdiction is proper in federal court.

12 Notwithstanding the propriety of removal, Plaintiff contends that the case should be
13 remanded to state court because he has amended the pleadings to eliminate a basis for federal
14 question jurisdiction. Dkt. # 21, p. 5. He contends that he should be "the master of his complaint"
15 and notes that the court has discretion to remand when it would serve the interests of economy,
16 convenience, fairness, and comity. *Id.*

17 Generally, a plaintiff may not amend pleadings to avoid federal jurisdiction and compel
18 remand. *See, e.g.*, *Sparta Surgical Corp. v. National Ass'n of Securities Dealers, Inc.*, 159 F.3d
19 1209, 1213 (9th Cir. 1998) ("a plaintiff may not compel remand by amending a complaint to
20 eliminate the federal question upon which removal was based"); *Pfeiffer v. Hartford Fire Ins.*
21 *Co.*, 929 F.2d 1484, 1488 (10th Cir. 1991). Although the court may remand the case when a
22 federal venue would work an injustice, courts guard against a plaintiff's attempts at forum
23 manipulation. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343 (1988). As discussed above
24

removal was proper. Thus, remand is appropriate only if the exercise of federal jurisdiction would work an injustice.

The Court can discern no injustice in keeping the action in federal district court. While Plaintiff suggests that there would be no prejudice to the Defendants if the case were remanded because "[t]he Court has not resolved any dispositive issues, and it has not acquired any particular knowledge of the facts of the case as they are completely different from McClain 1 or 2," (Dkt. #21, p. 5), the facts of this case are intertwined with the facts of the previous two suits brought between the parties.  It would be a misuse of judicial resources to send the case back to Snohomish County Superior Court when this Court is exceedingly familiar with the parties and the underlying facts at issue.

Additionally, Plaintiff states that Defendants "have known since the case was removed that plaintiff might seek to dismiss the federal claim and seek to return to state court as Plaintiff has attempted to do so before." Dkt. #10, p. 12. Thus, Plaintiff effectively concedes that he amended the complaint for the sole purpose of manipulating the forum in which the case is tried. Because removal was proper from the face of Plaintiff's First Amended Complaint filed in state court, and because Plaintiff identifies no injustice in maintaining the action in federal district court, the motion for remand shall be DENIED.

**B.  Motion for Entry of Pre-Filing Order**

Defendants move the Court to enter an order that requires Mr. McClain to obtain court permission before filing any new action against the Defendants and against any of their current or former employees. Dkt. # 18. Although this is the third lawsuit related to Mr. McClain's termination by Boeing, and despite valid arguments set forth in Defendants' briefing, the Court declines to enter a pre-filing order at this time, before it has evaluated the merits of a dispositive motion. Plaintiff, however, is on notice that should the Court find the claims at issue frivolous,

intended solely for the purpose of harassment, or filed to increase the cost of litigation (*see* Fed. R. Civ. P. 11(b)), the entry of a pre-filing order may be warranted for any additional actions filed against the Defendants. Defendants' motion is accordingly DENIED.

## IV. CONCLUSION

Having considered the motions, the responses and replies thereto, the attached exhibits and declarations, and the remainder of the record, the Court hereby finds and ORDERS:

(1) Plaintiff's Motion to Remand (Dkt. # 10) is DENIED;

(2) Defendants' Motion to Dismiss (Dkt. # 12) is STRICKEN as MOOT with leave to renew;

(3) Defendants' Motion for Entry of Pre-Filing Order (Dkt. # 18) is DENIED;

(4) The Clerk is directed to send a copy of this Order to Plaintiff and all counsel of record.

Dated this 22nd day of July 2013.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE