UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHARLES V. MCCLAIN III, et ux, Pro se,<br><br>Plaintiff,<br><br>v.<br><br>THE BOEING COMPANY, et al.,<br><br>Defendants. | CASE NO. C12-1620 RSM<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS, DENYING PLAINTIFF"S MOTION TO STAY AND APPOINT COUNSEL, AND DENYING DEFENDANTS' MOTION FOR BAR ORDER |

**I. INTRODUCTION**

This matter comes before the Court on Defendants' renewed Motion to Dismiss for Failure to State a Claim (Dkt. # 45), Plaintiff's Motion for Stay and Court Appointed Counsel (Dkt. # 47) and Defendants' second Motion for Entry of Pre-filing Order (Dkt. # 53). For the reasons that follow, the Court will GRANT Defendants' motion to dismiss, DENY Plaintiff's motion to stay and appoint counsel, and DENY Defendants' motion requesting entry of a pre-filing order.

## II. BACKGROUND

1

2  Plaintiff Charles McClain III, proceeding *pro se*, is a former employee of Defendant the

3  Boeing Company ("Boeing"). Mr. McClain was a member of the International Association of

4  Machinists and Aerospace Workers, AFL-CIO (the Defendant "Union") until his employment

5  with Boeing was terminated on October 18, 2006. Mr. McClain filed the present suit in

6  Snohomish County Superior Court on August 30, 2012, alleging a number of claims arising from

7  his termination from Boeing and subsequent actions related to the negotiation of a Settlement

8  and Release Agreement. Dkt. # 2. He asserts claims against Defendant Boeing, its law firm

9  Perkins Coie LLP, the Union, its law firm Robblee Detwiler & Black PLLP, and individual

10  attorney Kristina Detwiler. Dkt. # 29.

11  This case is the third iteration of Mr. McClain's claims against Boeing and the Union. On

12  April 18, 2007, McClain filed suit for claims related to the Union's duty of fair representation

13  and discrimination under the Americans with Disabilities Act. Dkt. # 45, Ex. B (C07-00567-

14  RSM). This Court dismissed the federal claims on summary judgment and declined to exercise

15  supplemental jurisdiction over the state law claims raised in the complaint. *See* Dkt. # 45, Ex. C.

16  McClain filed a Notice of Appeal and the Union cross-appealed to the Ninth Circuit (Nos. 08-

17  35190 and 08-35903).

18  A Ninth Circuit panel issued a Memorandum disposing of McClain's appeal and the

19  Union's cross-appeal. Dkt. # 45, Ex. D. The Ninth Circuit affirmed this Court's summary

20  judgment dismissals, but vacated and remanded the case for the Court to consider "whether

21  McClain's state law claims were completely preempted." *Id.* at 4. This case is referred to as

22  "McClain 1."

23

24

1   Shortly after filing his appeal in McClain 1, McClain filed a second complaint in

2   Snohomish County Superior Court ("McClain 2"). *See* Dkt. # 45, Exs. E-1, E-2 (C08-00613-

3   RSM). That case was removed to this Court and was stayed indefinitely pending the appeal and

4   cross-appeal of McClain 1. Following the Ninth Circuit's issuance of its Memorandum in

5   McClain 1, McClain 2 was returned to active status.

6   The Court established a summary judgment briefing schedule and Defendants filed three

7   motions. During the pendency of the briefing schedule, McClain filed a motion "to enforce

8   settlement and release agreement." That motion was denied on May 7, 2012. Dkt. # 45, Ex. F.

9   The Court granted Defendants' summary judgment motions and dismissed as preempted

10  all of McClain's asserted state law claims: infliction of emotional distress, collusion, retaliation,

11  disparate treatment, and breach of the implied covenant of good faith and fair dealing. Dkt. # 45,

12  Ex. G. Judgment was then entered in favor of Defendants. In McClain 2, the Court also entered

13  judgment in favor of Defendants. *See* Dkt. # 45, Exs. H and I.

14  McClain appealed both McClain 1 and 2 to the Ninth Circuit, and the two cases were

15  consolidated on appeal. Dkt. # 45, Ex. J.

16  Now before the Court is McClain 3. Defendants timely removed the action to this Court

17  on September 19, 2012, on the basis that Plaintiff's Amended State Court Complaint raised

18  federal claims. Dkt. # 1, p. 2. On July 22, 2013, the Court ruled on several motions presented by

19  the parties. In that Order, the Court denied Mr. McClain's motion for remand and invited

20  Defendants to file a new motion to dismiss to address the claims presented in McClain's Second

21  Amended Complaint ("SAC") (Dkt. # 29). The Court also denied Defendants' motion seeking

22  entry of a pre-filing order. Dkt. # 43.

23

24

1  As directed, Defendants filed a renewed motion to dismiss pursuant to Fed. R. Civ. P.

2  12(b)(6). They contend that (1) nine of the ten Counts asserted in the SAC are barred by the

3  applicable statute of limitations, res judicata, or collateral estoppel, and that (2) Count VII is not

4  actionable and subject to dismissal. McClain filed a motion seeking a stay and requesting court

5  appointed counsel pursuant to 28 U.S.C. § 1915(e)(1). Defendants also filed a second motion

6  seeking a pre-filing order against McClain. Each motion is addressed in turn.

### III. DISCUSSION

**A.  Motion to Dismiss**

    1.  <u>Legal Standard</u>

10  In considering a Fed. R. Civ. P. 12(b)(6) motion to dismiss, the Court must determine

11  whether the plaintiff has alleged sufficient facts to state a claim for relief which is "plausible on

12  its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1951 (2009) (quoting *Bell Atlantic Corp. v.*

13  *Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible if the plaintiff has pled

14  "factual content that allows the court to draw the reasonable inference that the defendant is liable

15  for the misconduct alleged." *Id.* (citing *Twombly,* 550 U.S. at 556).  In making this assessment,

16  the Court accepts all facts alleged in the complaint as true, and makes all inferences in the light

17  most favorable to the non-moving party.  *Baker v. Riverside County Office of Educ.*, 584 F.3d

18  821, 824 (9th Cir. 2009) (internal citations omitted).  The Court is not, however, bound to accept

19  the plaintiff's legal conclusions. *Iqbal*, 129 S. Ct. at 1949-50.  While detailed factual allegations

20  are not necessary, the plaintiff must provide more than "labels and conclusions" or a "formulaic

21  recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. In addition, although

22  the court must accept as true all well-pled allegations within the complaint, the court need not

23  accept allegations that are contradicted by "matters properly subject to judicial notice, or

24

1 │ allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable

2 │ inferences." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

3 │     2.  <u>Analysis</u>

4 │        The crux of the SAC relates to a purported November 2007 settlement agreement.

5 │ McClain asserts that he made a return-to-work agreement on or about November 5, 2007, that

6 │ the Union failed to represent his best interests with respect to the purported deal, and that Boeing

7 │ breached the purported agreement. *See, e.g.*, Dkt. # 29, ¶¶ 1.1-1.9, 3.7-3.11, 3.20-3.23, 3.26,

8 │ 3.36-3.43, 4.2, 4.25-4.33, 4.48. Also contained within the SAC are allegations concerning

9 │ disability discrimination, age discrimination, and the use of manufactured evidence at an

10 │ Employment Security Department hearing that occurred on March 28, 2008. The SAC contains

11 │ ten Counts related to these events: breach of contract (Count I) infliction of emotional distress

12 │ (Count II); disability discrimination (Counts III and VIII); breach of the implied covenant of

13 │ good faith and fair dealing (Count IV); age discrimination (Count V); fraud/misrepresentation

14 │ (Count VI); collusion/civil conspiracy (Count VII); outrage (Count IX); and loss of consortium

15 │ (Count X). Defendants contend that all Counts with the exception of Count VII are time-barred.

16 │ As to Count VII, they contend that it is non-actionable.

17 │      *a.  Counts I-VI and VIII-X*

18 │        "A defendant is permitted to raise a statute of limitations argument in a 12(b)(6) motion

19 │ provided the basis for the argument appears on the face of the complaint and any materials the

20 │ court is permitted to take judicial notice of." *Hernandez v. Sutter W. Capital*, C 09-03658 CRB,

21 │ 2010 WL 3385046 (N.D. Cal. Aug. 26, 2010) (citing *Jablon v. Dean Witter & Co.,* 614 F.2d 677,

22 │ 682 (9th Cir.1980)). Generally, courts may only consider the complaint and any materials

23 │ properly submitted with it when ruling on a Rule 12(b)(6) motion. *Clegg v. Cult Awareness*

24 │ *Network*, 18 F.3d 752, 754 (9th Cir. 1994). Courts may, however, take judicial notice of a fact

1  that "is not subject to reasonable dispute because it can be accurately and readily determined

2  from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. Such

3  materials may be considered without converting the motion into one for summary judgment.

4  *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994). Courts also may take judicial notice of

5  undisputed "matters of public record." *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir.

6  2001). Matters of public record include documents "on file in federal or state courts." *Harris v.*

7  *County of Orange*, 682 F.3d 1126, 1131 (9th Cir. 2012).

8      Under RCW 4.16.080(2), claims for infliction of emotional distress, outrage, and loss of

9  consortium are subject to a three year statute of limitations. Age and disability discrimination

10  claims arising under the Washington Law Against Discrimination ("WLAD") are also subject to

11  three year statute of limitations. *Goodman v. Boeing Co.*, 877 P.2d 703, 713 (Wash. Ct. App.

12  1994), *aff'd*, 899 P.2d 1265 (Wash. 1995). Under RCW 4.16.080(3) and (4), a three year

13  limitations period applies to claims for breach of the implied covenant of good faith and fair

14  dealing, and to claims for fraud and misrepresentation. Finally, for hybrid DFR - § 301 claims

15  under the Labor Management Relations Act ("LMRA"), a six month limitations period applies.

16  *Del Costello v. Int.'l Bhd. Of Teamsters*, 462 U.S. 151, 169 (1983).

17      A limitations period begins to run on the date that a cause of action accrues. *Crownover*

18  *v. State ex rel. Dept. of Transp.*, 265 P.3d 971, 977 (Wash. Ct. App. 2011). According to the

19  SAC, the factual allegations supporting McClain's causes of action (with the exception of Count

20  VII) are alleged to have occurred before April 2008. McClain filed this suit on August 30, 2012,

21  more than four years after his asserted causes of action accrued. Specifically, the SAC identifies

22  the following events as the bases for the asserted causes of action: the purported November 2007

23  settlement agreement (cited above); discriminatory actions having taken place in October 2006,

24

1  November and December 2007, and March 2008 (*see* Dkt. # 29 at ¶¶ 1.12, 1.5, 1.6, 3.3, 3.63,

2  3.67, 4.12, 4.13, 4.23); manufactured evidence used in a March 2007 hearing (*id.* at ¶¶ 1.14; *see*

3  *id.* at ¶¶ 3.69, 4.42-4.43); discovery misconduct occurring on March 28, 2008 (*id.* at 1.13, 3.63,

4  3.70); and an attorney's letter to the Washington Human Rights Commission ("WHRC") on

5  March 25, 2007 (*id.* at  ¶¶ 3.46).

6         McClain argues that the applicable statute of limitations do not bar his claims for a host

7  of reasons. He states that his claims are timely because of "the discovery rule, fraudulent

8  concealment rule, continuing violation doctrine, or the doctrine of equitable tolling . . . ." Dkt. #

9  50, p. 2. Although McClain identifies legal doctrines that may toll a limitations period, he fails to

10  articulate any factual or legal reason why those doctrines apply to the claims at issue. Moreover,

11  many of McClain's factual allegations were previously asserted and the claims dismissed in both

12  McClain 1 and 2. Because the Court can discern no reason why such doctrines would apply in

13  this case, Counts II-VI and VIII-X will be dismissed with prejudice as time-barred.

14         With respect to Count I, McClain argues that his breach of contract claim against both

15  Boeing and the Union is subject to a six year statute of limitations. The SAC asserts that the

16  claim does not implicate "the Collective Bargaining Agreement between Boeing and the Union."

17  Dkt. # 29, ¶¶ 4.2-4.3. Defendants contend that McClain's claim against the Union is a DFR

18  claim, and that claim against Boeing is a hybrid DFR-§ 301 claim. They argue that both are

19  subject to a six month statute of limitations. Unfortunately, neither Defendants nor McClain

20  make a compelling or well-reasoned argument as to whether McClain's contract claim should or

21  should not be considered a hybrid DFR - § 301 claim. Thus, the Court declines to apply a six

22  month statute of limitations to that claim.

23

24

1    The Court does, however, find that the claim is barred by res judicata. Res judicata

2  applies when "the earlier suit . . . (1) involved the same 'claim' or cause of action as the later

3  suit, (2) reached a final judgment on the merits, and (3) involved identical parties or privies."

4  *Sidhu v. Flecto Co.*, 279 F.3d 896, 900 (9th Cir. 2002). For the first prong, whether a secondary

5  suit involves the same claim or cause of action requires the court to consider the following four

6  criteria:

> (1) whether the two suits arise out of the same transactional nucleus of
> facts; (2) whether rights or interests established in the prior judgment
> would be destroyed or impaired by prosecution of the second action; (3)
> whether the two suits involve infringement of the same right; and (4)
> whether substantially the same evidence is presented in the two actions.

10  *Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005). To determine whether

11  the two suits share a common nucleus of operative fact, the court uses the transaction test. *Id.*

12   "Whether two events are part of the same transaction or series depends on whether they are

13  related to the same set of facts and whether they could conveniently be tried together." *Western*

14  *Sys., Inc. v. Ulloa,* 958 F.2d 864, 871 (9th Cir. 1992) (citing Restatement (Second) Judgments §

15  24(2) (1982)). McClain 1, 2, and 3 all arise out of McClain's termination by Boeing. The claims

16  presented in each suit, although not necessarily identical, all relate to the same set of facts

17  concerning McClain's pre- and post-termination interactions with Boeing and the Union. Thus,

18  "the claims form a convenient trial unit that discloses a cohesive narrative of an employee-

19  employer relationship and a controversial termination." *Mpoyo*, 430 F.3d at 987. This satisfies

20  the first criterion.

21    For the second and third criterion, McClain 3 seeks redress for the same injuries and the

22  same rights alleged in McClain 1 and 2. In McClain 1, McClain expressly moved the Court to

23  enforce the purported November 2007 Settlement and Release Agreement that he now seeks an

24

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS, DENYING PLAINTIFF''S MOTION TO STAY
AND APPOINT COUNSEL, AND DENYING DEFENDANTS' MOTION FOR BAR ORDER - 8

1   opportunity to re-litigate. *See* Dkt. # 45, Ex. F (denying the motion and stating that the purported

2   agreement "cannot be regarded as a 'complete agreement' and cannot be enforced by the

3   Court"). Further, resolution of the breach of contract claim would require the same evidence that

4   either was or should have been presented in McClain 1. Thus, the fourth criterion is met as well.

5          McClain 3 also satisfies the second and third prongs of the res judicata test. McClain 1

6   and 2 were both decided on the merits and their subsequent appeal does not affect finality for

7   purposes of res judicata. *See Clements v. Airport Authority of Washoe Cnty.*, 69 F.3d 321, 329

8   n.7 ("the general rule is that a judgment may be treated as final for purposes of preclusion

9   notwithstanding the fact that it may be subject to reversal on appeal"). Further, each of the

10  Defendants named in McClain 3 were named in either or both of McClain 1 and 2. Res judicata

11  "relieve[s] parties of the costs and vexation of multiple lawsuits, conserve[s] judicial resources,

12  and, by preventing inconsistent decisions, encourage[s] reliance on adjudication." *Dodd v. Hood*

13  *River County,* 59 F.3d 852, 863 (9th Cir. 1995) (quoting *Allen v. McCurry,* 449 U.S. 90, 94, 101

14  S.Ct. 411, 66 L.Ed.2d 308 (1980)). As McClain's breach of contract claim was, could, and

15  should have been litigated in his previous lawsuits, application of res judicata is unambiguously

16  warranted here.

17          b.   *Count VII*

18          The SAC alleges that Defendants engaged in a civil conspiracy and collusion. The factual

19  allegations alleged to support the conspiracy claim consist, according to McClain, of an e-mail

20  by Paul Smith; fraud upon the Court by counsel from Perkins Coie; the Perkins Coie attorney's

21  letter to the WHRC; manufactured documents; and Kristina Detwiler's August 23, 2012 letter to

22  McClain that was carbon copied to attorney Larry Hannah. With the exception of the August

23  2012 letter, the other allegations occurred between 2007 and 2008 and are time-barred under

24  RCW 4.16.080(2). As to the August 2012 letter, McClain concedes that "the letter of August 23,

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS, DENYING PLAINTIFF"S MOTION TO STAY
AND APPOINT COUNSEL, AND DENYING DEFENDANTS' MOTION FOR BAR ORDER - 9

1   2012 was intended to only be supporting evidence." Dkt. # 50, p. 15. The letter was a

2   Washington Civil Rule 3 letter demanding that McClain file the Summons and Complaint that

3   had been served on Boeing and the Union, but not yet filed in court. The complete text is as

4   follows:

5       I am in receipt of a Summons and Complaint for Damages and
        Demand for Jury Trial in Snohomish County Superior Court. The
6       Summons and Complaint have not been filed with court. This letter is a
        demand pursuant to Civil Rule 3 that you pay the filing fee and file the
7       Summons and Complaint within fourteen days of this letter. Please
        provide appropriate confirmation demonstrating that you have filed the
8       Summons and Complaint within the fourteen day period.

9   Dkt. # 45, Ex. M at 17. McClain takes issue with fact that the letter was carbon copied to Larry

10  Hannah, an attorney that he believes was not involved in this lawsuit at the time he served the

11  Summons and Complaint. *See* Dkt. # 29, ¶¶ 3.71-3.74. Mr. Hannah was counsel of record in both

12  McClain 1 and 2, and Defendants state that the letter was copied to Mr. Hannah as a courtesy to

13  inform him that McClain had served another Summons and Complaint on Boeing and the Union.

14  Dkt. # 45, p. 14. Mr. Hannah has since appeared as counsel of record in this case. McClain's

15  contention that the act of including another attorney intimately involved in the previous actions

16  amounts to evidence of collusion is unfounded, baseless, and fails to support a viable claim for

17  civil conspiracy. Accordingly, the entire SAC will be dismissed with prejudice.

18  **B.  Motion to Stay and Appoint Counsel**

19      McClain filed a motion seeking a stay of this litigation and Court-appointed counsel

20  pursuant to 28 U.S.C. § 1915(e)(1). There is no absolute right to counsel in civil proceedings.

21  *Hedges v. Resolution Trust Corp. (In re Hedges*, 32 F. 3d 1360, 1363 (9th Cir. 1994).  Federal

22  courts do not have the authority to "make coercive appointments of counsel."  *Mallard v. United*

23  *States District Court*, 490 U.S. 296, 310 (1989).  The Court does have discretion, however,

24  pursuant to 28 U.S.C. § 1915(e)(1) to "request" an attorney to represent an indigent civil litigant

1 | upon a showing of exceptional circumstances. *Terrell v. Brewer*, 935 F. 2d 1015, 1017 (9th Cir.

2 | 1991). "A finding of exceptional circumstances requires an evaluation of both the likelihood of

3 | success on the merits and the ability of the [plaintiff] to articulate his claims *pro se* in light of the

4 | complexity of the legal issues involved. Neither of these factors is dispositive and both must be

5 | viewed together before reaching a decision." *Id.* (internal citations omitted).

6 |      The Court has found the claims asserted in the SAC to be without merit and subject to

7 | dismissal with prejudice. The Court also previously determined in both McClain 1 and 2 that

8 | McClain is an experienced and able litigant. None of the arguments raised by McClain in his

9 | motion change that assessment. Accordingly, because no exceptional circumstances exist, the

10 | motion will be DENIED.

11 | **C.  Second Motion for Entry of Pre-Filing Order**

12 |      Defendants again move the Court to enter an order that requires Mr. McClain to obtain

13 | court permission before filing any new action against the Defendants and against any of their

14 | current or former employees.  Previously, the Court denied Defendants' motion and stated that

15 | "the entry of a pre-filing order may be warranted for any additional actions filed against the

16 | Defendants." Dkt. # 43, p. 6. This is not an "additional action." Defendants' motion is

17 | accordingly DENIED.[1]

18 | **IV. CONCLUSION**

19 |      Having considered the motions, the responses and replies thereto, the attached exhibits

20 | and declarations, and the remainder of the record, the Court hereby finds and ORDERS:

21 |      (1) Defendants' renewed Motion to Dismiss (Dkt. # 45) is GRANTED;

22 |

23 |     [1] The Court notes that because the SAC's claims have been dismissed as irreparably time-barred or otherwise without merit, any further attempts to re-litigate the claims asserted in the

24 | SAC will be considered frivolous.

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS, DENYING PLAINTIFF"S MOTION TO STAY AND APPOINT COUNSEL, AND DENYING DEFENDANTS' MOTION FOR BAR ORDER - 11

1     (2) The case is dismissed with prejudice;

2     (3) Plaintiffs' Motion to for Stay and Court Appointed Counsel (Dkt. # 47) is DENIED;

3     (4) Defendants' second Motion for Entry of Pre-Filing Order (Dkt. # 53) is DENIED;

4     (5) The Clerk is directed to send a copy of this Order to Plaintiff and all counsel of

5         record.

6         Dated this 24 day of September 2014.

7

8

                     RICARDO S. MARTINEZ

9                      UNITED STATES DISTRICT JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS, DENYING PLAINTIFF"S MOTION TO STAY
AND APPOINT COUNSEL, AND DENYING DEFENDANTS' MOTION FOR BAR ORDER - 12